**CV 10 - 4559**

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ OCT 06 2010 ★
BROOKLYN OFFICE

MATSUMOTO, J.

ORENSTEIN, M.J.

DOUGHERTY, RYAN, GIUFFRA,
ZAMBITO & HESSION
Attorneys for Plaintiff
131 East 38th Street
New York, New York 10016
Phone: 212-889-2300
Facsimile: 212-889-1288
James E. Ryan (JR 4671)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
HAMBURG –SUD NORTH AMERICA, INC.
and HAMBURG SUDAMERIKANISHE
DAMPFSCHIFFAHRTS GESELLSCHAFT
KA.,

Index No:

               Plaintiffs,

    -against-

AMERICAN INDEPENDENT LINE, INC.
and BRASIL CARGO SERVICES LOGISTICA,
LTD.,

               Defendants.
----------------------------------------------------------X

**VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT TO DETERMINE ENFORCEABILITY OF CONTRACT TERMS AND CONDITIONS**

HAMBURG-SUD NORTH AMERICA, INC. and HAMBURG SUDAMERIKANISHE DAMPFSCHIFFAHRTS GESELLSCHAFT KA., (hereinafter "HAMBURG –SUD"), the plaintiff/petitioners herein, bring this complaint for declaratory judgment to enforce certain contract Terms and Conditions against defendants/respondents AMERICAN INDEPENDENT LINE, INC., (hereinafter "AMERICAN INDEPENDENT"), and BRASIL CARGO SERVICES LOGISTICA, LTD. (hereinafter "BRASIL CARGO SERVICES"), and for an Order discharging these plaintiffs from any liability for any loss or damage to goods owned, shipped by, consigned to our received by these defendants, or, in the alternative, to limit plaintiffs' liability for any loss or damage to goods owned, shipped

1

by, consigned to or received by these defendants, as more fully specified below, to the sum of ONE THOUSAND DOLLARS ($1,000.00) pursuant to the Terms and Conditions of said contract and the provisions of the United States Carriage of Goods by Sea Act, 49 Stat. 1207 (1936), (codified at 46 U.S.C. § 30701 et seq.,) which is the law that governs and applies to the performance of the contract.

1. Plaintiff/petitioner HAMBURG-SUD NORTH AMERICA, INC., is a corporation duly registered and licensed to do business within the State of New York, with a principal place of business at 465 South Street, Morristown, New Jersey, 07960.

2. Plaintiff/petitioner HAMBURG SUDAMIKANISHCHE DAMPFSCHIFFAHRTS GESELLSCHAFT KG, is a German corporation or business entity, with offices in Hamburg, Germany, and is the parent of the plaintiff Hamburg-Sud North America Inc., and issued the contract of carriage or bill of lading under which the defendants AMERICAN INDEPENDENT and BRASIL CARGO SERVICES' goods were shipped as later described herein.

3. Upon information and belief, defendant/respondent AMERICAN INDEPENDENT is a corporation duly incorporated under the laws of the State of New York having an office and principal place of business at 17 Barstow Road, Suite 405, Great Neck, New York 11021, and is subject to and within the personal jurisdiction of this Court.

4. Upon information and belief, defendant/respondent BRASIL CARGO SERVICES is a foreign corporation, with an office and place of business at A Praca Barao Do Rio Branco, No. 14-7, Andar Sala 74, Centro-Santos, Brazil, and, at all material times, transacted business within the State of New York, pursuant to the New York Civil Procedure Law Rule 302(a) 1.

5. This action is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is within this court's jurisdiction pursuant to 28 U.S.C. § 1331 (i).

6. This action and petition for Declaratory Judgment arises out and is directly related to the business transacted by defendant/respondent BRASIL CARGO SERVICES within the State of New York.

7. The nature of this complaint is a proceeding for a declaratory judgment under § 2201 of the Judicial Code (28 U.S. C. § 2201) for the purpose of determining a question in actual controversy between the parties, namely the question of the validity of certain Terms and Conditions of a written contract between the parties for services provided by the plaintiff to the defendants in connection with the ocean transportation of defendants AMERICAN INDEPENDENT and BRASIL CARGO SERVICES' goods.

8. The written contract upon which this complaint/petition is based was the HAMBURG-SUD bill of lading number SUDU280017845018 dated December 7, 2008, which provided for the transportation of AMERICAN INDEPENDENT and BRASIL CARGO SERVICES' goods from the Port of Baltimore, Maryland for discharge at the Port of Salvador, Brazil. Defendant AMERICAN INDEPENDENT is listed as the "Shipper" and Defendant "BRASIL CARGO SERVICES is shown as the "Consignee" in said Contract of Carriage (Exhibit "1" annexed hereto).

9. The bill of lading contract between the plaintiff/petitioner and the defendant/respondents herein provides among other terms, the following:

**Definitions**

(e) "Merchant" means the shipper, consignee, receiver, holder of this Bill of Lading, owner of the cargo or person entitled to the possession of the cargo and the servants and agents of any of these of whom shall be jointly and severally liable to the Carrier for the payment of all Charges, and for the performance of the obligations of any of them under this Bill of Lading.

**Responsibility: Port to Port and Multimodal Transport: Applicable Legislation**

(a) Except as otherwise noted herein, including, but not limited to, Clause 12 hereof, and insofar as applicable law permits, the Carrier shall be responsible for Goods under the following circumstances only:

(1) Port to Port Shipment;

The Carrier shall be responsible for the Goods from the time received at Port of Loading until delivered at Port of Discharge unless compulsorily applicable law provides otherwise.

(2) Multimodal Transport;

The Carrier shall be responsible for the Goods as stated in the respective boxes on the reverse side hereof.

(b) Where this Bill of Lading covers a shipment to, through or from a U.S. port or place, but subject to Clause 20, hereof. COGSA shall govern, not only tackle-to-tackle, but during the Carrier's entire period of responsibility hereunder.

10. Pursuant to the Responsibility section of the contract between the plaintiff/petitioners and the defendant/respondents, the U.S. COGSA governs the rights, duties, responsibilities, limitations and defenses of the parties herein.

11. In addition, by statute, the United States Carriage of Goods by Sea Act, 46 U.S.C. § 30701 (notes) (hereafter "COGSA") applies to and governs the rights, duties, responsibilities, limitations and defenses of the parties to the shipment of the plaintiff's goods by its own force and effect.

4

12. COGSA 46 U.S.C. § 30702. **Application** provides the following:

> (a) **In General.**- Except as otherwise provided, this chapter applies to a carrier engaged in the carriage of goods to or from any port in the United States.

COGSA therefore applies to "all contracts for carriage of goods by sea to or from ports of the United States in foreign trade." 46 U.S.C. § 30701 (notes § 13).

13. COGSA 46 U.S.C. § 30701 (notes § 1(a) and 1(e), **Definitions**, provide:

> (a) The term "carrier" includes the owner or the charterer who enters into a contract of carriage with a shipper.
>
> (e) The term "carriage of goods" covers the period from the time when the goods are loaded on to the time when they are discharged from the ship.

14. COGSA 46 U.S.C. §30701 (notes § 2, formerly 46 U.S.C. § 1302), **Duties and rights of carrier** provides:

> Subject to the provisions of section 1306 of this title, under every contract of carriage of goods by sea, the carrier in relation to the loading, handling, stowage, carriage, custody, care and discharge of such goods, shall be subject to the responsibilities and liabilities and entitled to the rights and immunities set forth in sections 1303 and 1304 of this title.

15. COGSA 46 U.S.C. §30701 (notes § 6, formerly 46 U.S.C. § 1303(6), **Responsibilities and liabilities of carrier and ship** provides, in relevant part:

> (6) In any event the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered. Provided, that if a notice of loss or damage, either apparent or concealed, is not given as provided for in this section, that fact shall not affect or prejudice the right of the shipper to bring suit within one year after the delivery of the goods or the date when the goods should have been delivered.

16. COGSA 46 U.S.C.§30701 (notes § 5, formerly 46 U.S.C. § 1304 (5), **Rights and**

5

**immunities of carrier and ship** provides, in relevant part:

> (5) Neither the carrier nor the ship shall in any event be or become liable for any loss or damage to or in connection with the transportation of goods in an amount exceeding $500 per package lawful money of the United States, or in case of goods not shipped in packages, per customary freight unit, or the equivalent of that sum in other currency, unless the nature and value of such goods have been declared by the shipper before shipment and inserted in the bill of lading. This declaration, if embodied in the bill of lading, shall be prima facie evidence, but shall not be conclusive on the carrier.

17. Upon information and belief, defendants/respondents AMERICAN INDEPENDENT and BRASIL CARGO SERVICES dispute and object to the validity and enforceability of the Definitions and Responsibility provisions contained within the Terms and Conditions sections of the contract of carriage (Exhibit "1") as well as the applicability and enforceability of 30701 Notes Sections (6) and 30701 Notes Sections (5) of COGSA.

18. Specifically, upon information and belief, the defendants AMERICAN INDEPENDENT and BRASIL CARGO SERVICES, the shipper and consignee, respectively, which are listed in the contract of carriage and defined as the "merchants" under the Terms and Conditions of that contract, dispute and deny that the U.S. COGSA governs the plaintiff carrier's rights, duties, responsibilities, defenses and limitations during the period of the carrier's responsibility for the goods shipped under the contract, and/or that the carrier shall not in any event be liable for any loss or damage to or in connection with transporting the shipper's goods in excess of $500 per package or customary freight unit, and further dispute and deny that the carrier shall be discharged from all liability in respect to loss or damage unless suit is brought within one year of delivery of the goods or the date when the goods should have been delivered.

6

19. On or before December 7, 2008, plaintiff HAMBURG-SUD chartered space on the ocean vessel LIBRA CORCOVADO, which was then owned and operated by CSAV Lines, a foreign ship owning corporation, for the purpose of acting as ocean carrier of goods to be shipped by customers of plaintiff, HAMBURG –SUD, including the defendants/respondents AMERICAN INDEPENDENT and BRASIL CARGO SERVICES.

20. Subsequently, plaintiff/petitioner and defendants/respondents AMERICAN INDEPENDENT and BRASIL CARGO SERVICES entered into a contract for the ocean carriage of AMERICAN INDEPENDENT and BRASIL CARGO SERVICES' goods aboard the vessel LIBRA CORCOVADO from the port of Baltimore, Maryland for discharge at Salvador, Brazil, and plaintiff HAMBURG-SUD issued its bill of lading number SUDU280017845018 (Exhibit "1"), dated 12/07/08, as the contract of carriage.

21. As described in Exhibit "1", the defendant's goods comprised two (2) packages: one (1) box plastic injection molding machine stowed in one (1) 20 foot container number IPXU38998525 and one (1) box plastic injection molding machine stowed in one (1) 40 foot container number SUDU9700133.

22. Upon information and belief, sometime after the defendants' goods were loaded on board the vessel LIBRA CORCOVADO, as aforesaid, and while that vessel was calling at the intermediate port of Norfolk, Virginia, defendants' goods were caused to suffer damage through no fault, negligence or want of due care on the part of plaintiff HAMBURG-SUD.

23. Upon information and belief, after sustaining damage while at the port of Norfolk, the defendants' goods which were stowed in container SUDU970013-3 (one 20' flat rack) were returned to the defendant AMERICAN INDEPENDENT, while the goods which were stowed in container IPXU399852-5 were transported to Salvador, Brazil and discharged from the vessel on

or about January 5, 2009, where delivery of these goods was tendered to the consignee, defendant BRASIL CARGO SERVICES, who, on information and belief, refused to take delivery.

24. Upon information and belief, as of the date of filing this Complaint, which is more than one (1) year after the date the defendants' goods were delivered or the date defendants' goods should have been delivered, no suit has been brought by these defendants or by any party who is or was legally authorized to bring suit against the plaintiffs for loss or damage to these defendants' goods on their behalf.

25. Where there is a controversy as to the meaning and effect of a written contract, a party to the contract may seek interpretation by means of declaratory judgment of a court having jurisdiction over the parties.

26. A proceeding in the nature of declaratory judgment is a form of remedial procedure which is particularly appropriate where the basic issue underlying the claim of the plaintiff is the interpretation or construction of a contract.

27. The basic issues underlying the claim of the plaintiffs in these proceedings are: (1) whether the plaintiffs/petitioners are entitled to be discharged from all liability in respect to loss or damage to the goods shipped under the contract of carriage (Exhibit "1") because suit was not brought by the shipper or the consignee (the merchants) within one year after delivery or the date on which delivery should have been made; or (2) whether plaintiffs/petitioners are entitled to limit their liability for any damage or loss to $500 per package or customary freight unit of the goods shipped.

28. Plaintiff/petitioners contend that the claim of the defendants/respondents that the Definitions and Responsibilities provisions under the Terms and Conditions sections of the

contract of carriage, as well as 46 U.S. C. 30701(Notes § 6) and 30701 (Notes § 5) of the U.S. COGSA are void, do not apply and are not enforceable against them, present a matter of actual controversy by and between the parties and raises a question of the validity of the entire contract of carriage, thereby entitling the plaintiff/petitioners to the relief sought.

WHEREFORE, plaintiff/petitioners demand a declaratory judgment pursuant to 28 U.S. C. §2201, finding that the contract is wholly valid and enforceable and that the Definitions and the Responsibilities provisions of the Terms and Conditions of the contract as well as 46 U.S.C. 30701 (Notes §6) and ( Notes §5) of COGSA are valid and enforceable against the defendants/respondents AMERICAN INDEPENDENT LINE, INC., and BRASIL CARGO SERVICES LOGISTICA LTD., and that plaintiff/petitioners are entitled to judgment and an Order declaring that any liability of these plaintiffs for loss or damage to the defendants goods as aforesaid may be and hereby is DISCHARGED, pursuant to 46 U.S. C. § 30701 (Note § 6) and, in the alternative, that plaintiffs are entitled to an Order declaring that in any event any and all liability which they may be found to have for the loss or damage to the goods may be and hereby is limited to ONE THOUSAND DOLLARS ($1,000.00), comprising the $500 per package limitation provided by COGSA § 30701 (Note § 5) for each box or package of the defendants goods which were shipped under the contact of carriage.

Dated: New York, New York
      October 1, 2010

                                                      *James E. Ryan*
                                           JAMES E. RYAN (4671 jr)
                                           DOUGHERTY, RYAN, GIUFFRA,
                                           ZAMBITO & HESSION
                                           Attorneys for Plaintiff
                                           131 East 38th Street
                                           New York, New York 10016
                                           (212) 889-2300
                                           Our File: 4498

TO: AMERICAN INDEPENDENT LINE, INC.
17 Barstow Road – Suite 405
Great Neck, New York 11021

BRASIL CARGO SERVICES LOGISTICA, LTD.
A Praca Barao Do Rio Branco No. 14-7
Andar Sala 74
Centro-Santos, Brazil

## ATTORNEY VERIFICATION

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NEW YORK   )

JAMES E. RYAN, being duly sworn, deposes and states:

That deponent is an attorney at law with the firm of DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION, attorneys for Plaintiff, HAMBURG-SUD NORTH AMERICA, INC. and HAMBURG SUDAMERICANISHE DAMPFSCHIFFAHRTS GESELLSCHAFT, KA, in the within action; that he has read the foregoing Verified Complaint for Declaratory Judgment to Determine Enforceability of Contract Terms and Conditions, and is familiar with the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true.

That the source of deponent's knowledge and the grounds of his belief are information received from the Plaintiff and their agents, and books, records and documents in their possession.

_____
JAMES E. RYAN

Sworn to before me this
1st day of October, 2010

_____
Notary Public

JESSICA MARTINEZ
Notary Public, State of New York
No. 01MA6077594
Qualified in Bronx County
Commission Expires July 15, 2014